

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 03-00002-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | **(Supplemental)** |
| | ) | |
| MELVALYNN RIVERA SAM | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:    Supplemental Violations of Supervised Release Conditions**

I, Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Melvalynn Rivera Sam, and in that capacity declare as follows:

Melvalynn Rivera Sam was sentenced on April 17, 2003 for Theft, Embezzlement and Misapplication of Bank Funds of a Bank Employee, in violation of 18 U.S.C. §656. She was released from federal custody on July 18, 2003, and commenced her three year term of supervised release.

On January 26, 2005, the defendant appeared for a violation hearing in answer to numerous allegations of noncompliance with conditions of supervision, primarily failures to seek employment, pay restitution and report to probation for compliance meetings. The hearing was continued to August 28, 2005 in order to allow the defendant time to give birth to her child subsequently recover. The following report outlines a full status of Ms. Sam's adjustment on supervision since the violation hearing on January 26, 2005 and is submitted to the Court as a supplement to the original violation report filed on January 18, 2005.

**Standard Conditions**: *The defendant shall obtain and maintain gainful employment.* At the violation hearing on January 26, 2005, it was reported by the probation officer that Ms. Sam had failed to report to the probation office to submit proof of job search activity from August through December 2004. To date, Ms. Sam's efforts at seeking employment have been unsatisfactory, failing to consistently meet weekly to submit proof of job search activities.

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Supplemental Violations of Supervised Release Conditions
Re:     SAM, Melvalynn Rivera
USDC Cr. Cs. No. 03-00002-001
September 22, 2005
Page 2

**Special Conditions**: *The defendant shall participate in an alcohol and substance abuse treatment program as approved by the United States Probation Office, and shall undergo treatment for narcotic addiction or drug or alcohol dependency, which will include testing for the detection of alcohol and substance abuse or use, and that the defendant make co-payments for any such treatment at a rate to be determined by the U.S. Probation Officer.* Ms. Sam has failed to attend drug a drug treatment counseling session on **September 17, 2005.** She failed to report to the probation office the following day for the required compliance meeting. Ms. Sam was contacted by the probation officer and she reported having transportation difficulties.

**Special Conditions**: *The defendant shall pay $21,669.91 restitution.* As previously reported, Ms. Sam has made two restitution payments totaling $250 since the start of her supervision term. Since the violation hearing on January 26, 2005, Ms. Sam has made no restitution payments. She continues to claim unemployment as her primary reason for her inability to pay.

**Special Conditions**: *The defendant shall perform 300 hours (200 originally ordered and 100 modified on April 5, 2004) of community service.* Since the violation hearing on January 26, 2005, Ms. Sam has performed 92 hours of community service. To date, she has an outstanding balance of eight hours.

**Supervision Compliance:** Since last reported during the violation hearing on January 26, 2005, Ms. Sam has attended and tested negative on all scheduled urinalyses. She completed 92 hours of community service with an eight hour outstanding balance. Ms. Sam completed the three month term of home confinement with electronic monitoring on August 25, 2005. Further, she submitted all outstanding monthly supervision reports. As previously reported, she paid the $100 special assessment fee on April 17, 2003 and paid a total of $250 towards her $2,669.91 restitution order.

**Recommendation:** In the past eight months since the violation hearing on January 26, 2005, Ms. Sam has made some progress towards the completion of her conditions of supervised release. Specifically, she completed her three-month term of home confinement with electronic monitoring and she completed 92 hours of community service (remaining eight hour balance). Ms. Sam has also attended and tested negative at all urinalyses and attended all but one drug treatment counseling appointments (September 17, 2005).

The most severe of Ms. Sam's violations, however, remains the $21,669.91 restitution which she asserts cannot be paid due to a lack of financial and personal resources. Given her poor job search effort, and refusal to meet consistently with the probation officer to address this issue, it is not likely that her financial situation will improve.

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Supplemental Violations of Supervised Release Conditions
Re:     SAM, Melvalynn Rivera
USDC Cr. Cs. No. 03-00002-001
September 22, 2005
Page 3

The probation officer respectfully requests that the Court modify Ms. Sam's release conditions, pursuant to Title 18 U.S.C. § 3583(e)(2) and § 3583(d)(3) to require that she serve four days of intermittent confinement, at the direction of the U.S. Probation Office, the Bureau of Prisons, and the U.S Marshals Office.

I declare under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 23rd day of September 2005, at Hagatna, Guam, in conformance with provisions of Title 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By:

ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:     Jeffrey J. Strand, AUSA
        Howard Trapp, Defense Counsel
        File

# SUPPLEMENTAL VIOLATION WORKSHEET

1. Defendant    Melvalynn Rivera Sam

2. Docket Number (Year-Sequence-Defendant No.)    03-00002-001

3. District/Office    Guam

4. Original Sentence Date    04 / 17 / 03
          month    day    year

(If different than above):

5. Original District/Office    N/A

6. Original Docket Number (Year-Sequence-Defendant No.)    N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|:---:|
| • Failure to obtain and maintain employment | C |
| • Failure to pay $21,669.91 restitution | C |
| • Failure to perform community service | C |
| • Failure to report for drug treatment counseling on 9/17/05 | C |
| • | |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))      C

9. Criminal History Category (see §7B1.4(a))      I

10. Range of Imprisonment (see §7B1.4(a))      3 - 9   months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:03-cr-00002    Document 33    Filed 09/23/2005    Page 4 of 5

ORIGINAL

Defendant: <u>Melvalynn Rivera Sam</u>

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | Balance $21,925.40 | Community Confinement | N/A |
| Fine ($) | 0 | Home Detention | N/A |
| Other | | Intermittent Confinement | N/A |

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: <u>N/A</u> to <u>N/A</u> years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment: <u>N/A</u>

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

None.

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE Suite 2-500, South Lobby, Washington, DC 20002-8002

Case 1:03-cv-00002 Filed 09/23/2005 Page 5 of 5